**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES RAY BLACK, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:14-cv-01536-RWS-NCC |
| ) | |
| CINDY GRIFFITH,[1] ) | |
| ) | |
| Respondent. ) | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Also pending before the Court is Petitioner's Motion to File Supplemental Pleading (Doc. 9). This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) (Doc. 4). Upon careful consideration, the Court will recommend that Petitioner's Motion to File Supplemental Pleading be denied and the Petition be dismissed.

**I. BACKGROUND**

On May 18, 2011, Petitioner was convicted by a jury in the Circuit Court of Cape Girardeau County, Missouri, of one count of first degree assault of a law enforcement officer (Count I) and one count of armed criminal action (Count II) (Ex. B at 4, 33). The Circuit Court found Petitioner to be a prior offender (*Id.* at 39, 67) and, on July 5, 2011, sentenced Petitioner to a term of life for Count I and a term of 25 years on Count II, both terms to run consecutively, in the Missouri Department of Corrections (*Id.* at 68).

---

[1] Petitioner is currently incarcerated at Potosi Correctional Center in Mineral Point, Missouri (Doc. 10 at 2). Cindy Griffith is the Warden and proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

> Petitioner filed a direct appeal raising three claims:
>
> (1) The trial court abused its discretion in overruling defense counsel's request for a mistrial when state's witness Joe de Roode testified that he "responded to the St. Louis city jail" to collect appellant's DNA because this ruling violated appellant's rights to due process of law and to be tried only for the offenses with which he was charged in that the unresponsive answer was evidence of other offenses, a matter which had properly been excluded by the trial court from the jury's consideration and which the state had assured the court would not be disclosed, and the taint could not be removed any other way;
>
> (2) The trial court erred, and plainly erred, in permitting Officer Bryson to testify that appellant told him that "any nigger could have put" the guns under the shed, because [the]ruling violated appellant's rights to due process of law and a fair trial in that this evidence was neither logically nor legally relevant as it did not have any bearing on appellant's guilt of the charged assault, but was racially inflammatory and used to portray him as a person of bad character in the eyes of the jury; and
>
> (3) The trial court plainly erred in permitting Lisa Black to testify to appellant's request for guns and statement that "I shot at a cop" because admission of this statement violated appellant's right to a fundamentally fair trial in that Missouri Revised Statute § 546.260 provides that "in no case shall husband or wife…be permitted to disclose confidential communications" made while married.

(Ex. C at 12-14). The Missouri Court of Appeals for the Eastern District, finding no error of law, affirmed the judgment (Ex. E).

On October 9, 2012, Petitioner filed a motion for post-conviction relief (Ex. G at 6-11). On January 3, 2013, with the assistance of counsel, Petitioner filed an Amended Motion incorporating his *pro se* Motion (*Id.* at 15-31). Following an evidentiary hearing held on June 10, 2013, the motion court denied Petitioner's motion on November 5, 2013 (*Id.* at 32-35). On April 4, 2014, Petitioner appealed the motion court's decision, raising the following ground for relief:

> (1) The motion court clearly erred in denying Petitioner's Motion for Post-Conviction Relief because trial counsel was ineffective for failing to file a Motion in Limine to exclude or object to Lisa Black's testimony because it was inadmissible under the marital privilege exception in violation of Missouri Revised Statute § 546.260.

(Ex. H). On August 26, 2014, the Missouri Court of Appeals for the Eastern District affirmed the Circuit Court's denial of the motion (Ex. J).

2

On September 8, 2014, Petitioner filed the instant Section 2254 Petition in which he raises the following four grounds for relief:

(1) The trial court erred by allowing Lisa Black, Petitioner's wife, to testify in violation of Missouri Revised Statute § 546.260 (Doc. 1 at 5);

(2) The trial court erred in denying Petitioner's Motion to Suppress Evidence (*Id.* at 6);

(3) The trial court erred in allowing the arresting officers to testify that Petitioner made a comment using the word "nigger" at the time of his arrest (*Id.* at 8); and

(4) Trial counsel and appellate counsel were ineffective for failing to properly challenge the admission of testimony from Petitioner's wife (*Id.* at 10).

The Court construes Ground 4 as having two parts: Ground 4A in which Petitioner raises ineffective assistance of trial counsel; and Ground 4B in which Petitioner raises ineffective assistance of appellate counsel on his direct appeal. In Ground 4 of his Petition, Petitioner also appears to assert ineffective assistance of his post-conviction counsel as cause for his procedurally defaulted claims—"Lawyer did not argue or appeal issues I had filed when I filed the 29.15 as pro-per" (*Id.*).

On April 28, 2017, Petitioner filed a Motion for Leave to File Supplemental Pleadings in which he requests leave to file a supplemental pleading raising the following two grounds for relief:

(1) The trial court erred in sentencing Petitioner to a term of Life for first degree assault of a law enforcement officer because based on the sentencing structure of that charge, the trial court issued a sentence in excess of that authorized by law and therefore exceeded its jurisdiction (Doc. 9-1 at 1-2); and

(2) The trial court erred in not submitting jury instructions regarding the lesser charge of assault of a law enforcement officer in the second degree (*Id.* at 3-5).

3

## II.  DISCUSSION

### A. Motion to File Supplemental Pleading

The Federal Rules of Civil Procedure apply to federal habeas corpus proceedings to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2254 Cases.  Rule 12, *Rules Governing Section 2254 Cases in the United States District Courts*. Federal Rule of Civil Procedure 15(d) provides:

> **Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Petitioner's Proposed Supplemental Pleading does not address any transactions, occurrences, or events that occurred after the date of the original pleading.  Therefore, the Court could recommend the denial of Petitioner's Motion based solely on this ground.  However, upon review of Petitioner's Proposed Supplemental Pleading, in light of Petitioner's *pro se* status, and in the interest of justice, the Court will construe Petitioner's Motion and Proposed Supplemental Pleading as a request to amend his Petition to add new grounds for relief.

To be considered timely under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is required to file any petition for writ of habeas corpus within one year after the conclusion of direct review in state court or the time for seeking such review, with such time being tolled during the pendency of a post-conviction motion or other application for collateral relief in state court.  28 U.S.C. § 2244(d)(1)(A), (d)(2).  Respondent does not assert, at any point, that Petitioner's original Petition was untimely filed (*See* Doc. 6).

Any amendments to a timely filed habeas petition are required to be filed within the AEDPA's one-year limitations period.  *See United States v. Craycraft*, 167 F.3d 451, 456-57 (8th

4

Cir. 1999); *McKay v. Purkett*, 255 F.3d 660 (8th Cir. 2001) (applying *Craycraft* analysis to proposed amendments to a habeas petition filed under § 2254).  Here, Petitioner's proposed additional claims were submitted more than a year after his original Petition, and therefore are well outside the AEDPA's one-year limitation.  Petitioner asserts as cause for the delayed filing that he "just learned after receiving his complete case file in July of 2016 that his Grounds that he wishes to bring to this Courts attention has been preserved for this Courts review" (Doc. 9 at 1).  The Court finds this assertion without merit considering exhibits attached to the Petition include documents from Petitioner's various cases.  Furthermore, the Court is not convinced that Petitioner could not have obtained a copy of his case file at an earlier date, either by requesting it directly, from prior counsel, or from the state.  Finally, lack of a trial transcript or other case records cannot constitute cause for this kind of delay.  *Castro-Gaxiola v. United States*, 665 F. Supp. 2d 1049, 1052 (W.D. Mo. 2009) ("The Eighth Circuit has twice held that a Movant's inability to obtain a trial transcript does not justify equitable tolling.") (citing *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *Gassler v. Bruton,* 255 F.3d 492, 495 (8th Cir. 2001)).  *See also Henry v. Hobbs*, No. 5:10-CV-00372 JLH, 2011 WL 1559244, at *5 (E.D. Ark. Apr. 15, 2011), report and recommendation adopted, No. 5:10-CV-00372 JLH, 2011 WL 2066729 (E.D. Ark. May 25, 2011) (noting petitioner was "obviously aware of the facts underlying the charged offense, was present during his . . . trial, and generally knew at that time the actions and inactions of his attorneys that could be the basis for claims of ineffective assistance of counsel").

However, proposed amendments submitted beyond the AEDPA's one-year period may be considered by the Court if the amendments "relate back" to the claims raised in the timely filed original petition.  *Craycraft*, 167 F.3d at 456-57; *McKay*, 255 F.3d at 661.  To relate back, the claims raised in the proposed amendment must have arisen "out of the conduct, transaction,

or occurrence set forth or attempted to be set forth in the original pleading." *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citing Fed. R. Civ. P. 15(c)(2)).

In the context of habeas filings, in order to meet the requirements for relation back, the new claims and the timely claims must be "tied to a common core of operative facts." *Id.* at 664. They "must be of the same 'time and type' as those in the original motion[.]" *United States v. Hernandez*, 436 F.3d 851, 857 (8th Cir. 2006). A proposed amended pleading may raise new legal theories only if the new claims relate back to the original motion by "arising out of the same set of facts as the original claims." *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) (internal quotation marks omitted). "The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim." *Id.*

The Eighth Circuit's standard for "same time and type" is fairly narrow. For example, the Court of Appeals has held that to qualify for relation back, "it is not enough that both an original motion and an amended motion allege ineffective assistance of counsel during a trial." *Id.* Similarly, the Eighth Circuit found that an amended claim of ineffective assistance of counsel for failure to investigate a pretrial witness interview did not relate back to an ineffective assistance of counsel claim for failure to discover allegedly exculpatory footprint evidence in pretrial because the amended claim was not similar in "type" to the original claims, even though both referred to a generally similar time—conduct prior to trial. *Mandacina v. United States*, 328 F.3d 995, 1002 (8th Cir. 2003). *See also Hernandez*, 436 F.3d at 858 ("Hernandez's original claim referred to the admission of evidence. The amended claim referred to trial testimony and cross-examination of witnesses. The facts alleged in the original claim were not such that would put the opposition on notice that cross-examination of witnesses was at issue."). *Cf. Dodd*, 614 F.3d at 516 (holding that an original petition's claim that trial counsel "[f]ailed to cross examine

6

more than half of 'Government Witnesses' and object to the alleged drug amounts that they testified to" was sufficiently related in time and type to an amended allegation that counsel "failed to object to evidence offered by specific witnesses on the basis that their testimony as to drug quantity was too speculative," to allow relation back).

In proposed supplemental ground 1, Petitioner argues that the trial court erred in sentencing Petitioner to a term of Life for first degree assault of a law enforcement officer because, based on the sentencing structure of that charge, the trial court issued a sentence in excess of that authorized by law and therefore exceeded its jurisdiction (Doc. 9-1 at 1-2). In proposed supplemental ground 2, Petitioner asserts that the trial court erred in not submitting jury instructions regarding the lesser charge of assault of a law enforcement officer in the second degree (*Id.* at 3-5).

Neither proposed ground is of the same "time and type" of any of the previously asserted grounds in Petitioner's original petition. Although Petitioner's proposed grounds arguably relate to the same time as his previously asserted claims, conduct during trial, Petitioner's proposed claims are not sufficiently of the same type as his prior claims. Specifically, Petitioner does not raise any grounds regarding his sentence, a lesser included offense, or the jury instructions in his original Petition. Therefore, these proposed grounds do not relate back to the original Petition and the Court will recommend that Petitioner's Motion for Leave to Supplement be denied.

## B. 28 U.S.C. § 2254 Petition

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or

7

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

### 1. Procedural Default

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition." *Id.* at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. *Id.* at 1022 (quoting *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and

8

prejudice for the default. *Id.* "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Grounds 1, 2, 3, and 4B have been procedurally defaulted and may not give rise to federal habeas relief. Petitioner never raised Grounds 2 or 4B before the state courts. While Petitioner did raise Grounds 1 and 3 before the state appellate court on direct appeal, the state appellate court conducted plain error review because Petitioner's trial counsel did not object to either the testimony of Petitioner's wife or that of the police officer at trial (Ex. E at 10, 12). In *Clark v. Bertsch*, the Eighth Circuit held based on *Hayes v. Lockhart* that a "state court's discretionary plain-error review of [a petitioner's] unpreserved claims cannot excuse his procedural default," resolving an intra-circuit panel split on the issue. 780 F.3d 873, 877 (8th Cir. 2015). Therefore, Grounds 1 and 3 are also procedurally defaulted.

Default is only excused through a showing of cause and prejudice or miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner does not assert cause for the default of Grounds 2 or 3. As cause for the default of Ground 1, Petitioner alleges that appellate counsel was ineffective for failing to raise the claim on direct appeal (Doc. 1 at 7). Indeed, this appears to form a basis of Ground 4B. Ineffective assistance of appellate counsel may constitute cause to overcome a procedural default. *Murray*, 477 U.S. at 488-89. "However, in order to urge ineffective assistance as cause excusing a procedural default, the federal habeas petitioner must have properly raised the ineffectiveness claim in state court." *Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002) (citing *Edwards v. Carpenter*, 529 U.S. 446, 450-53 (2000)). In Missouri, a petitioner must raise claims of ineffective assistance of appellate counsel

9

in a post-conviction motion, Mo. S.Ct. R. 29.15(1), and then on post-conviction appeal. *See, e.g., Osborne v. Purkett*, 411 F.3d 911, 919 and 919 n.7 (8th Cir. 2005). As previously discussed, Petitioner failed to raise Ground 4B before the state courts. Furthermore, appellate counsel did raise the claim underlying Ground 1 before the state appellate court on direct appeal (*See* Ex. C at 14).

However, Petitioner also appears to argue that post-conviction appellate counsel failed to raise "issues" that he had raised in his *pro se* motion (Doc. 1 at 10). The Court is uncertain as which "issues" the Petitioner is referencing. In an abundance of caution, the Court will treat Petitioner's statement as applying to all of his defaulted grounds. With this in mind, the Court notes that post-conviction counsel's amended motion incorporated Petitioner's *pro se* motion and there is no indication in the record that Petitioner filed a *pro se* post-conviction appellate brief or attempted to file a *pro se* post-conviction appellate brief. Petitioner appears to argue that merely because post-conviction counsel did not raise every conceivable claim, counsel was ineffective. However, "[i]f, as with appellate counsel, 'one of [post-conviction] counsel's important duties is to focus on those arguments that are most likely to succeed, [then] counsel will not be held to be ineffective for failure to raise every conceivable issue.'" *Sutton v. Wallace*, No. 4:13-CV-1285, 2016 WL 4720452, at *10 (E.D. Mo. Sept. 9, 2016) (quoting *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006)). Not only is Petitioner unable to demonstrate any merit underlying his claim of ineffectiveness of post-conviction appellate counsel, ineffectiveness of post-conviction appellate counsel cannot constitute cause to excuse a petitioner's default. *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). Therefore, to the extent Petitioner asserts failure of post-conviction appellate counsel to raise any of the aforementioned defaulted claims and especially Ground 4B, the Court finds his argument unavailing.

Furthermore, even if Petitioner had exhausted his ineffective assistance of direct appeal appellate counsel claim (Ground 4B) in state court, it would not rise to the level of cause to excuse procedural default. To establish cause, a petitioner must show something beyond counsel's control, such as state interference that prevented counsel from raising the claims and presenting evidence in state court. *Zeitvogel v. Delo*, 84 F.3d 276, 279 (8th Cir. 1996). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486 (citing *Engle v. Isaac*, 456 U.S. 107, 128 (1982)). "[A]bsent contrary evidence, we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008) (internal citations and quotations omitted).

Because Petitioner failed to establish cause for his procedural default, the Court need not determine whether he demonstrated actual prejudice. *See Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) ("If a prisoner fails to demonstrate cause, the court need not address prejudice."). In addition, Petitioner neither claims nor demonstrates a miscarriage of justice through actual innocence. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). Accordingly, the undersigned will recommend that Petitioner's Grounds 1, 2, 3, and Ground 4B be denied as procedurally defaulted.

### 2. Non-Cognizable Claims

In addition to being procedurally defaulted, Grounds 1 and 2 are also not cognizable in a federal habeas corpus action. In Ground 1, Petitioner asserts that the trial court erred by allowing

11

Lisa Black, Petitioner's wife, to testify in violation of Missouri Revised Statute § 546.260 (Doc. 1 at 5).  The United States Supreme Court has held that "'federal habeas corpus relief does not lie for errors of state law" and that "it is not province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) and citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).  Because the admission or exclusion of evidence is primarily a question of state law, an evidentiary determination rarely gives rise to a federal question reviewable in a habeas petition.  *Scott v. Jones*, 915 F.2d 1188, 1190-91 (8th Cir. 1990); *Johnson v. Steele*, No. 4:11CV01022 SNLJ, 2014 WL 4627174, at *7 (E.D. Mo. Sept. 12, 2014) (unpublished).  Federal courts "may not review evidentiary rulings of state courts unless they implicate federal constitutional rights." *Evans v. Luebbers*, 371 F.3d 438, 443 (8th Cir. 2004) (citing *Estelle*, 502 U.S. at 68).  Even if the trial court had misapplied Missouri law regarding marital privilege, the misapplication would not establish a constitutional due process violation. *Byrd v. Armontrout*, 880 F.2d 1, 9-10 (8th Cir. 1989) ("The policies furthered by proper application of the marital privilege in any of its forms are quite distinct from the concerns for fairness and reliability protected by the Due Process Clause.").  Therefore, Ground 1 is not cognizable.

Similarly, Ground 2 is not cognizable in a federal habeas action.  In Ground 2, Petitioner argues that the trial court erred in denying Petitioner's Motion to Suppress Evidence (Doc. 1 at 6).  Specifically, Petitioner argues that when police first searched his house and found two guns, they did so without a search warrant (*Id.*).  This Court is cautioned not to review the merits of a state prisoner's Fourth Amendment claims.  *Willett v. Lockhart*, 37 F.3d 1265, 1272 (8th Cir. 1994).  The Court is "not empowered to examine whether the Missouri courts made errors of law in deciding the Fourth Amendment issues argued by [Petitioner]." *Sweet v. Delo*, 125 F.3d 1144,

1149 (8th Cir. 1997). "The federal courts on habeas review of such claims are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation." *Willett,* 27 F.3d at 1273. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Accordingly, "a Fourth Amendment claim is *Stone*-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Willett*, 37 F.3d at 1273.

First, as correctly indicated by Respondent, the state of Missouri has a procedure by which Petitioner could raise his Fourth Amendment claim. *Id.* at 1272 ("Application of the first part of the test is simple enough—either the state has a system available for raising Fourth Amendment claims or it does not (and we are unaware of any state that does not)."). Second, there is nothing in the record to suggest that a breakdown occurred in either the trial court or the state appellate court. *Willett*, 27 F.3d at 1272. Before the trial court, Petitioner filed a motion to suppress evidence addressing the same issues he raises before this Court (Ex. B at 21-23). A hearing was held on the motion and the trial court denied it (*Id.* at 13). Thereafter, although counsel chose not to, Petitioner had the opportunity to raise this ground on direct appeal.

Accordingly, the undersigned will recommend that Petitioner's Grounds 1 and 2 also be denied as noncognizable.

13

### 3. Merits Review

*Ground 4A: Ineffective Assistance of Trial Counsel*

In Ground 4A, Petitioner asserts that his trial counsel was ineffective for failing to impeach Lisa Black's, Petitioner's wife, testimony.  Specifically, Petitioner argues that Ms. Black initially told police that she and her husband were asleep all night together and testified at a preliminary hearing that she had not seen any guns but then later, at trial, she testified that Petitioner told her that he had shot a cop.  The Court notes that this ground could be denied as procedurally defaulted as Petitioner did not raise it in its current form before the state courts. However, in the interests of justice, the Court will broadly construe Petitioner's ground such that it encompasses Petitioner's claim before that state court that trial counsel was ineffective for failing to file a Motion in Limine to exclude or object to Ms. Black's testimony because it was inadmissible under the marital privilege exception in violation of Missouri Revised Statute § 546.260.  Accordingly, the Court will address Ground 4A on the merits.

In order to state a claim of ineffective assistance of trial counsel, Petitioner must meet the *Strickland* standard: Petitioner must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney.  *Id.*  To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether the determination was unreasonable—a substantially higher threshold."  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal

14

quotations and citations omitted).

The motion court determined that, "[Petitioner] has failed to demonstrate that trial counsel's strategy of allowing [Petitioner's] admission to [Ms. Black] to be heard by the jury was deficient under *Strickland*" (Ex. G at 34). In doing so, the motion court found "the strategy adopted by trial counsel to attempt to show variations and an evolution of [Ms. Black's] testimony was a sound strategy given the context of the evidence at trial" (*Id.*). Furthermore, the motion court found there not to be any prejudice—"[t]he evidence against [Petitioner] was such that the exclusion of [Petitioner's] admission would not have produced a 'reasonable probability' that the result of the trial would have been different" (*Id.*). Specifically, "Weapons consistent with those that fired at the officer in question were located at [Petitioner's] residence, [Petitioner's] DNA was found on items near where the shooting occurred and Lisa Black had already testified that she assisted [Petitioner] in storing the weapons under the house after the shooting occurred" (*Id.* at 33). The post-conviction appellate court determined that trial counsel's decision not to exclude or object to Ms. Black's testimony was a reasonable trial strategy and therefore the motion court did not clearly err in denying this claim (Ex. J at 8).

The Missouri courts reasonably applied *Strickland*. Trial counsel's decision not to exclude or object to Wife's testimony was a reasonable trial strategy in light of the defense's perception that Ms. Black's testimony evolved in an effort to assist the state. "The court does not 'second-guess' trial strategy or rely on the benefit of hindsight and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective." *Williams v. United States*, 452 F.3d 1009, 1013 (8th Cir. 2006) (internal citation omitted). Accordingly, the Court finds that neither state court issued a decision that was contrary to federal law or an unreasonable application of federal law. Therefore, the undersigned will recommend that

Ground 4A be denied.

### 4. New Claims Raised in Petitioner's Reply

To the extent Petitioner raises any new grounds for relief in his reply entitled "Response to Motion Why a Writ of Habeas Corpus Should be Granted" (Doc. 7), the Court may only address claims raised in his original Petition. *See Ruth v. Missouri*, No. 11-3487-CV-S-RED-P, 2012 WL 2194152, at *9 (W.D. Mo. June 14, 2012); *Scott v. Fondren*, No. CIV. 09-762 RHK/JJG, 2009 WL 3855926, at *3 (D. Minn. Nov. 17, 2009).

### 5. Evidentiary Hearing

Finally, Petitioner requests an evidentiary hearing (*see, e.g.,* Doc. 7 at 7). An evidentiary hearing on a habeas petition is mandatory only if a petitioner was denied a "full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding." *Townsend v. Sain*, 372 U.S. 293, 312 (1963), *overruled on other grounds, Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). The Court need not hold an evidentiary hearing if the petitioner fails to allege facts sufficient to justify habeas relief. *Id.* Upon careful consideration, the Court has determined that Petitioner's claims do not entitle him to relief on any of the grounds asserted in his Petition and will make the recommendation that his Petition be denied. The Court concludes that no ground of the Petition requires further evidentiary development for its resolution. Furthermore, Petitioner fails to demonstrate that an evidentiary hearing is warranted under the applicable standards set forth in 28 U.S.C. § 2254(e)(2). Thus, his request for an evidentiary hearing will be denied.

### III. CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to supplement or otherwise amend his Petition, to a hearing on his Petition, or to federal habeas relief.

Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right*.*" *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the court will not recommend a certificate of appealability issue. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's request for an evidentiary hearing is **DENIED**.

**IT IS HEREBY RECOMMENDED** that Petitioner's Motion for Leave to File Supplemental Pleadings (Doc. 9) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED**, and **DISMISSED** (Doc. 1);

**IT IS FURTHER RECOMMENDED** that no certificate of appealability should issue. 28 U.S.C. § 2253.

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990). Dated this 26th day of July, 2017.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE